1  **WO**                                                                                    SC

2

3

4

5

6                           **IN THE UNITED STATES DISTRICT COURT**

7                                **FOR THE DISTRICT OF ARIZONA**

8

9

10

11  United States of America,              )    No. CV 08-0917-PHX-MHM (ECV)
                                            )
12                  Plaintiff,              )    No. CR 07-1317-PHX-MHM
                                            )
13  v.                                      )    **ORDER**
                                            )
14  Abraham Betanzos-Razgado,               )
                                            )
15                  Defendant/Movant.       )
                                            )
16  _____)

17          Movant Abraham Betanzos-Razgado, who is confined in the Federal Correctional

18  Institution-Victorville in Adelanto, California, Arizona, filed a *pro se* Motion to Vacate, Set

19  Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.

20  (Doc.# 3.)[1]  The Court will summarily dismiss the motion.

21  **I.     Procedural History**

22          Pursuant to a plea agreement, Movant pled guilty to illegal re-entry after deportation,

23  in violation of 8 U.S.C. § 1326(a) and (b)(2).  The plea agreement provided for a sentencing

24  range of 12 to 125 months.  On April 28, 2008, the Court sentenced Movant to a 44-month

25  term of imprisonment followed by three years on supervised release.

26

27  _____

28          [1] "Doc.#" refers to the docket number of filings in the civil case. "Crim. Doc.#" refers
    to the docket number of filings in the criminal case.

1    Movant seeks a reduction of his sentence.  He argues that counsel rendered ineffective

2    assistance by failing to challenge the pre-sentence report for purposes of a sentencing

3    recommendation.  He alleges that his attorney also refused to challenge the sufficiency of

4    proof of a prior conviction or that it was violent.

5    **II.    Summary Dismissal**

6    A district court must summarily dismiss a § 2255 application "[i]f it plainly appears

7    from the motion, any attached exhibits, and the record of prior proceedings that the moving

8    party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Proceedings for the

9    United States District Courts.  When this standard is satisfied, neither a hearing nor a

10   response from the government is required.  See Marrow v. United States, 772 F.2d 525, 526

11   (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).  In this case,

12   the record shows that summary dismissal under Rule 4(b) is warranted because Movant has

13   waived the right to bring a § 2255 motion.

14   **III.    Waiver**

15   Movant has waived challenges to his sentence.  The Ninth Circuit Court of Appeals

16   has found that there are "strict standards for waiver of constitutional rights."  United States

17   v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005).  It is impermissible to presume

18   waiver from a silent record, and the Court must indulge every reasonable presumption

19   against waiver of fundamental constitutional rights.  United States v. Hamilton, 391 F.3d

20   1066, 1071 (9th Cir. 2004).  In this action, Movant's waiver was clear, express, and

21   unequivocal.

22   Plea agreements are contractual in nature, and their plain language will generally be

23   enforced if the agreement is clear and unambiguous on its face.  United States v. Jeronimo,

24   398 F.3d 1149, 1153 (9th Cir. 2005).  A defendant may waive the statutory right to bring a

25   § 2255 action challenging the length of his sentence.  United States v. Pruitt, 32 F.3d 431,

26   433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992).  The only

27   claims that cannot be waived are claims that the waiver itself was involuntary or that

28   ineffective assistance of counsel rendered the waiver involuntary.  See Washington v.

1    <u>Lampert</u>, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the

2    right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an

3    ineffective assistance of counsel claim that challenges the voluntariness of the waiver); <u>Pruitt</u>,

4    32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel

5    erroneously induced a defendant to plead guilty or accept a particular plea bargain); <u>Abarca</u>,

6    985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective

7    assistance or involuntariness of the waiver); <u>see also</u> <u>Jeronimo</u>, 398 F.3d at 1156 n.4

8    (declining to decide whether waiver of all statutory rights included claims implicating the

9    voluntariness of the waiver).

10          As part of his plea agreement, Movant made the following waiver:

11                 The defendant waives any and all motions, defenses, probable cause
           determinations, and objections which the defendant could assert to the
12         information or indictment or to the Court's entry of judgment against the
           defendant and imposition of sentence upon the defendant providing the
13         sentence is consistent with this agreement. **The defendant further waives:**
           (1) any right to appeal the Court's entry of judgment against defendant; (2) any
14         right to appeal the imposition of sentence upon defendant under Title 18,
           United States Code, Section 3742 (sentence appeals); and **(3) any right to**
15         **collaterally attack defendant's conviction and sentence under Title 28,**
           **United States Code, Section 2255, or any other collateral attack. These**
16         **waivers apply to the defendant's for the new offense and the supervised**
           **release violation. The defendant acknowledges that these waivers shall**
17         **result in the dismissal of any appeal or collateral attack the defendant**
           **might file challenging his conviction or sentence in this case**.
18

19   (Crim. Doc.# 22) (emphasis added).  Movant indicated in his plea agreement that he had

20   discussed the terms with his attorney, agreed to the terms and conditions, and entered into

21   the plea voluntarily.  (<u>Id.</u> at 6-7, 8-9.)

22          Movant's assertions in his § 2255 motion all pertain to sentencing and not to the

23   voluntariness of the waiver.  Movant expressly waived issues regarding the imposition of

24   sentence and expressly waived the right to bring a § 2255 motion.  The Court accepted his

25   plea as voluntarily made.  Consequently, the Court finds that Movant waived the sentencing

26   issues raised in his § 2255 motion.  Thus, the Court will summarily dismiss the motion.

27   Accordingly,

28

1    **IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant

2  to 28 U.S.C. § 2255 (Doc.# 3 in CV08-0917-PHX-MHM (ECV)) is **denied** and that the civil

3  action opened in connection with this Motion (CV08-0917-PHX-MHM (ECV)) is **dismissed**

4  **with prejudice**.  The Clerk of Court must enter judgment accordingly.

5    DATED this 30th day of September, 2008.

6

7

8    _____
                        Mary H. Murguia
9                United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28